**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

FRANK JAMES BLASINGAME                                                                    PLAINTIFF
ADC #140321

V.                                    NO: 5:13CV00253 DPM/HDY

JOY JONES *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Frank James Blasingame, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on August 12, 2013, naming as Defendants Joy Jones, James T. Banks, Raymond Naylor, and James Banks.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, another inmate falsely accused Plaintiff of cutting him when he entered Plaintiff's cell to collect laundry on March 27, 2013. Plaintiff was charged with, and convicted of, several disciplinary violations in connection with the incident, despite the fact that he had no involvement. Plaintiff claims he was not allowed to present the statement of the officer present when the alleged victim entered his cell, and that his conviction was based on the alleged victim's statement and a video camera that did not record the actual event. As a result of his conviction, Plaintiff was placed on an 18 month incentive program, and lost phone, visitation and commissary privileges. Plaintiff contends that ADC policy was violated when the alleged victim was allowed into his cell, and in the disciplinary appeals process. Because Plaintiff suffered no atypical and significant hardship as a result of his conviction, and false disciplinary charges and policy violations are not actionable, Plaintiff's complaint should be dismissed.

According to the disciplinary hearing action report Plaintiff attached to his complaint, Plaintiff's phone, commissary, and visitation privileges, were restricted for 60 days, he was sentenced to serve 30 days of punitive isolation, and his classification status for good time was

reduced.

A reduction in class does not implicate a liberty interest. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Likewise, 30 days of punitive confinement and 60 days of restricted privileges does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Richardson v. Pevey et al.*, Case No. 5:12CV00096, 2012WL 1167086 (E.D. Ark. March 15, 2012) (unpublished opinion) (no protected liberty interest when inmate served 30 days in punitive isolation and commissary, telephone, and visitation privileges, were suspended for 60 days).

In the absence of a protected property or liberty interest, Plaintiff is left with at most a false disciplinary charge or policy violation. However, neither a false disciplinary charge nor the failure to follow prison policy is a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation); *Gardner v. Howard*, 109

F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Even if Plaintiff had been deprived of a protected liberty interest, his complaint indicates that he did receive due process. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334, (1976) (internal quotation and alteration omitted). At its essence, however, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at 333, (internal quotation omitted). The complaint indicates that Plaintiff received notice of the charges against him, and had an opportunity to give a statement at the disciplinary hearing. The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials." The disciplinary action report Plaintiff has provided indicates that the incident was investigated and the hearing officer accepted the staff report in reaching a decision. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (corrections officer's description of events provided some evidence upon which prison disciplinary committee found that inmate violated prison rules). Accordingly, Plaintiff's complaint should be dismissed.[1]

---

[1] To the extent that Plaintiff may be raising a claim regarding the conditions of his confinement in the incentive program, the Court notes that he described no conditions which deprive him of the minimal civilized measure of life's necessities, or expose him to a risk of harm. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __16__ day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE